FILED

JAN 25 2017

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY [signature] DEPUTY

# SEALED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**V.**<br><br>**(1) OMERO LAZARO BARBEITO-LASTRE,**<br>**(2) JUAN ADELMO BERMUDEZ,**<br>**(3) JOSE ANGEL LEYVA-OLIVA,**<br>**(4) JORGE MANUEL BATISTA-GONZALEZ,**<br>**(5) MICHEL SARMIENTO,**<br>**(6) ALEJANDRO VEGA-TORRES,**<br>**(7) EDUARDO TAMAYO-PUPO,**<br>**(8) ANDY CRUZ-LEYVA,**<br>**(9) SANDRA ALVA ESCOBAR-CARBALLOSA,**<br>**(10) LIVAN SANCHEZ-LEYVA.**<br><br>**Defendants.** | **CRIMINAL NO.** MO17CR-009<br>**INDICTMENT**<br><br>**[Vio: Ct.1 - 18 U.S.C. § 1029(a)(1) and 18 U.S.C.§ 1029(b)(2) Access Device Fraud and Conspiracy Ct.2 - 18 U.S.C. § 1028A and 18 U.S.C. § 2 - Aggravated Identity Theft]** |

**THE GRAND JURY CHARGES:**

**COUNT ONE**
**(Access Device Fraud Conspiracy - 18 U.S.C. § 1029(a)(1) and 1029(b)(2))**

That from on or about January 1, 2015 and continuing through the date of this Indictment in the Western District of Texas and elsewhere, the Defendants,

**OMERO LAZARO BARBEITO-LASTRE,**
**JUAN ADELMO BERMUDEZ,**
**JOSE ANGEL LEYVA-OLIVA,**
**JORGE MANUEL BATISTA-GONZALEZ,**
**MICHEL SARMIENTO,**
**ALEJANDRO VEGA-TORRES,**
**EDUARDO TAMAYO-PUPO,**
**ANDY CRUZ-LEYVA,**
**SANDRA ALVA ESCOBAR-CARBALLOSA,**

**and**
**LIVAN SANCHEZ-LEYVA,**

did combine, conspire, confederate and agree together, with each other, and with others known and unknown to the Grand Jury, to knowingly and with intent to defraud, produce, use or trafficke in unauthorized access devices, namely credit card account numbers that had been stolen or obtained with intent to defraud, and the offense affected interstate and foreign commerce.

In violation of Title 18, United States Code, Sections 1029(a)(1), 1029(b)(2) and 1029(c)(1)(a)(i).

**COUNT TWO**
**(Aggravated Identity Theft – 18 U.S.C. § 1028A)**

That from on or about January 1, 2015 and continuing through the date of this Indictment in the Western District of Texas and elsewhere, the Defendants,

**OMERO LAZARO BARBEITO-LASTRE,**
**JUAN ADELMO BERMUDEZ,**
**JOSE ANGEL LEYVA-OLIVA,**
**JORGE MANUEL BATISTA-GONZALEZ,**
**MICHEL SARMIENTO,**
**ALEJANDRO VEGA-TORRES,**
**EDUARDO TAMAYO-PUPO,**
**ANDY CRUZ-LEYVA,**
**SANDRA ALVA ESCOBAR-CARBALLOSA,**
**and**
**LIVAN SANCHEZ-LEYVA,**

aided and abetted by each other did knowingly and without lawful authority possess and use a means of identification of another, that is, credit card account numbers, during and in relation to violations of 18 U.S.C. § 1029, that is, access device fraud.

In violation of Title 18, United States Code, Sections 1028A and 2.

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE

### I. Forfeiture Statutes for Access Device Fraud (18 U.S.C. § 982(a)(2)

As a result of the foregoing criminal violation set forth in Count One of this Indictment, the United States gives notice that it intends to forfeit, but is not limited to, the below-listed property from the defendants. Defendants shall forfeit all right, title, and interest in said property to the United States pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 982(a)(2), which states, in pertinent part, the following:

> **18 U.S.C. § 982**
> **(a)(2)** The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate-
> **(B)** section...1028, 1029...of this title, shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

### II. Subject Property

This Notice of Demand for Forfeiture includes, but is not limited, to the following:

**Money Judgment:**

A sum of money that represents the amount of proceeds obtained, directly or indirectly, as a result of the violation set forth in Count One of the Indictment for which the defendants are jointly and severally liable.

**Substitute Assets:**

If any of the property described above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said Defendants up to the value of the above

forfeitable property.

A TRUE BILL.

Original signed by the
foreperson of the Grand Jury

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

V. LATAWN WARSAW
Assistant United States Attorney